IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                              Plaintiff,                      OPINION & ORDER

    v.

                                                                  13-cv-483-jdp

2007 HONDA CIVIC EX SEDAN,
VIN: 1HGFA16877L117580,

                              Defendant.

---

In this civil action *in rem*, plaintiff United States of America seeks forfeiture of defendant property, a 2007 Honda Civic EX Sedan, under 21 U.S.C. § 881(a)(4). State criminal charges are pending against the vehicle's owner, Alicia P. Babler, who used the Honda Civic to distribute marijuana, a controlled substance under federal law.

The government moves for summary judgment, which claimant Mary E. Babler, Alicia's mother, opposes.[1] Mary contends that she is an innocent owner of the Honda Civic and that forfeiture would be grossly disproportionate to any alleged offense she may have committed. But the undisputed facts show that Alicia is the actual owner of the Honda Civic. Mary is merely a "nominee," a person named on the title, with no actual ownership. The court will grant the government's motion for summary judgment and order forfeiture.

UNDISPUTED FACTS

The following material facts are undisputed, except where noted. In January 2012, Mary bought the Honda Civic for Alicia. The purchase price was $10,995. Mary used a trade-in car, a personal check for $500, some cash, and a $5,000 check representing a loan from an aunt to finance the purchase. The loan was to be repaid to the aunt, and the balance of the cost was to

---

[1] For clarity, the court will refer to the Bablers by their first names.

be repaid to Mary. Since the purchase, Alicia has had primary, if not exclusive, use of the Honda Civic. Both Mary and Alicia are named as owners on the title.

On December 6, 2012, and again on January 7, 2013, confidential informant Josiah Mays purchased marijuana from Alicia at her home in controlled buys. On February 6, 2013, a search warrant was executed at the Babler home and police found 152 grams of high-grade marijuana, packaging materials, and a digital scale. At the time of the search, the Honda Civic was parked in the garage, and Alicia told police that the car was hers.

Alicia gave a voluntary statement to police admitting that she had been selling marijuana for two years and that the Honda Civic was hers. She estimated that she had sold marijuana 75 to 100 times within the three months leading up to her arrest. She described her method of selling marijuana, typically driving the Honda Civic to a parking lot to deliver the marijuana to her customers. Mays affirmed Alicia's use of the Honda Civic in his declaration, stating that he would usually meet Alicia in a parking lot and get into her parked car to buy the marijuana. Dkt. 18.

While executing the search warrant on February 6, 2013, police seized Alicia's cell phone and submitted it for forensic analysis. On the phone was a text conversation between Alicia and Mays in which Mays sought to buy marijuana from Alicia.[2] Alicia responded that she was no longer selling because her mother had asked her to stop and because a lot of people were getting arrested. Mays responded that Mary had been asking Alicia to stop selling for a long time, which Alicia affirmed in her response. Despite this exchange between Alicia and Mays, Mary herself maintains that she had no knowledge of Alicia's drug-related activity. Dkt. 21.

The DEA seized the Honda Civic and sent notice to both Alicia and Mary. Alicia filed a

---

[2] The court's interpretation of the slangy text conversation comes not only from the text messages themselves, but also from Mays's understanding of the conversation as described in his declaration. Dkt. 28.

claim for the Honda Civic in the administrative forfeiture proceeding. Subsequently, Alicia filed corrected and amended claims, and in each she asserted that the Honda Civic was hers alone. Mary did not make any claim to the Honda Civic in the administrative proceedings. The government filed a complaint in this court seeking forfeiture of the Honda Civic under 21 U.S.C. § 881(a)(4). Dkt. 1. In this court, Mary answered the complaint. Dkt. 8. The government moves for summary judgment, Dkt. 14, which Mary opposes.

OPINION

Summary judgment is appropriate if the government "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court considers the evidence in the summary judgment record in the light most favorable to Mary and draws all reasonable inferences in her favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). However, "[a] genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005) (internal citations omitted). Thus, to survive summary judgment, Mary must identify specific material facts showing genuine issues for trial to "demonstrate that the record, taken as a whole, could permit a rational finder of fact to rule in [her] favor." *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir. 1996) (internal citations omitted).

Title 21 U.S.C. § 881(a)(4) provides for forfeiture of vehicles that are used to commit a violation of the federal drug laws. To prevail in a forfeiture action under § 881(a), the government must demonstrate, by a preponderance of the evidence, that a substantial connection exists between the property and the underlying criminal activity. 18 U.S.C. § 983(c)(3) ("[I]f the Government's theory of forfeiture is that the property was used to commit

or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense."). Once the government makes the necessary showing, the burden shifts to the claimant to prove, by a preponderance of the evidence, that there was no such connection or that she was an "innocent owner." *United States v. One Parcel of Land Located at 7326 Highway 45 North, Three Lakes, Oneida Cnty., Wis.*, 965 F.2d 311, 314-15 (7th Cir. 1992).

To establish the substantial connection, the government has submitted declarations from its confidential informant and from detective Brian Noel, who coordinated the controlled buys, executed the search warrant, and received Alicia's statements about her drug-related activity and ownership of the Honda Civic. Dkt. 17; Dkt. 18; Dkt. 26; Dkt. 28. Alicia herself admitted to detective Noel that she had been selling marijuana for two years and had sold marijuana 75 to 100 times within the three months leading up to her arrest, usually using her Honda Civic to do so. The evidence establishes that Alicia used the Honda Civic in distributing marijuana to her customers, which Alicia does not dispute. *Compare* Dkt. 17, *with* Dkt. 22. Thus, it is undisputed that the Honda Civic is substantially connected to Alicia's illegal drug activities.

Mary opposes summary judgment on the grounds that she is an innocent owner of the Honda Civic, as provided under 18 U.S.C. § 983(d)(1). To establish this defense, Mary must be both an owner of the Honda Civic and innocent under the statute's definition of the word. To be an owner, Mary must have a genuine ownership interest in the Honda Civic; it is not sufficient for Mary to be merely named on the title if she has no dominion or control over the Honda Civic. 18 U.S.C. § 983(d)(6). The legislative history of subsection (d)(6) states that "[t]he term 'owner' should be broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized." 96th Cong. Rec. 17, 2d 647 (1978), *reprinted*

*in* 1978 U.S.C.C.A.N. 9518, 9522; *United States v. One 1986 Chevrolet Monte Carlo, Vehicle Identification No. 1G1GZ37G2GR201549*, 817 F. Supp. 729, 731 (N.D. Ill. 1993) (denying summary judgment where co-owners were in a joint venture and a question of fact existed as to whether the use exceeded the scope of authority in the joint venture). The ownership question is a mix of state and federal law: state law determines what interest Mary has in the Honda Civic and federal law determines whether that interest qualifies her as an owner under the federal statute. *United States v. 5 S. Tuthill Road, Naperville, Ill.*, 233 F.3d 1017, 1021 (7th Cir. 2000).

Mary relies heavily on legal title to the Honda Civic, which is held under the names "BABLER MARY E OR BABLER PATRICIA ANN." Mary contends that this form of title was used because, at purchase, the car dealer suggested that both names be included so that if something happened to Mary the car would clearly fall to Alicia. She also says that the title included Alicia's name because Alicia would be responsible for the insurance, maintenance, and repairs on the Honda Civic.

It is not sufficient to establish Mary's innocent owner defense that her name is on the title. Under Wisconsin law, the name on the title is not determinative of ownership. *City of Milwaukee v. Greenberg*, 163 Wis. 2d 28, 35, 471 N.W.2d 33, 35 (1991). The same result is provided under the federal forfeiture statute, which expressly provides that an owner does not include "a nominee who exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6)(B)(iii).

*Greenberg* explains that ownership is a collection of rights that can be divided, and that what counts as ownership depends on the context in which the issue is raised. Under *Greenberg*, the analytic framework for determining whether a party owns property involves two steps. First, it must be determined which rights the putative owner has. Second, it must be determined whether a party with those rights would be an "owner" for the purposes of the statute at issue.

5

*See United States v. Ben-Hur*, 20 F.3d 313, 318 (7th Cir. 1994). This second determination is a question of legislative intent, judged as usual in light of the "scope, history, and context" of the statute. *Id*.

The first question, then, is whether Mary has any other rights or incidents of ownership beyond having her name on the title. In the context of this case, two such incidents are pertinent: control and financial stake. *C.f., State v. Kirch*, 222 Wis. 2d 598, 605, 587 N.W.2d 919, 922 (Ct. App. 1998) (considering possession, title, control, and financial stake when determining ownership in the forfeiture context); *see also United States v. One 1971 Porsche Coupe Automobile, Vehicle Identification No. 9111100355*, 364 F. Supp. 745, 748 (E.D. Pa. 1973) (stating that the claimant was not the one who would suffer the loss occasioned by the forfeiture).

The summary judgment evidence shows that Alicia alone had use and control of the Honda Civic. Under oath, Alicia twice claimed that the Honda Civic was hers and that Mary had her own car that she owned and used. The warranty and one of the checks used to pay for the Honda Civic reference "Alicia's car." When it was seized, Alicia's belongings, and only Alicia's belongings, were found in the Honda Civic. Although Mary could have had access to the Honda Civic because she and Alicia lived together, all the evidence shows that Alicia was the Honda Civic's primary user, and there is no evidence that Mary ever used the car at all.

Mary contends that she alone has a financial interest in the Honda Civic. She submits a conclusory declaration statement that Alicia "had absolutely no financial, equitable, or other interest" in the car. Dkt. 20, at 2. But the court need not credit this conclusory assertion in light of Mary's own substantive affidavit testimony that contradicts it: according to Mary's affidavit, Alicia was responsible for repaying both Mary and the aunt for the money that was used to finance the Honda Civic. Dkt. 21, at 3. The record also contains Alicia's own statements to the

DEA that the car was hers and that she had paid for it. Thus, the record here shows that Alicia, not Mary, has a financial interest in the Honda Civic, and that Alicia, not Mary, would bear the burden of its forfeiture.

The second question under *Greenberg* is whether Mary's interests in the Honda Civic would be sufficient to constitute ownership under federal forfeiture statute, given the statute's scope, history and context. The federal forfeiture statute is designed to impose steep penalties on those who deal in drugs, and it is designed to avoid sham claims of ownership intended to thwart legitimate forfeiture efforts. *Ben-Hur*, 20 F.3d at 319. Given that Mary has at most a minimal interest in the Honda Civic, this is not a close call. The undisputed facts show that she did not use or control the car and that she does not have a financial stake in it. Her name on the title makes her no more than a nominal owner, which is insufficient to establish ownership under 18 U.S.C. § 983(d)(6).

Mary also contends that she was "innocent" within the meaning of the forfeiture statute because she had no knowledge of Alicia's drug-related activities. *See* 18 U.S.C. § 983(d)(2)(A)(i). To be innocent, Mary must have either not known that the Honda Civic was being used for Alicia's criminal offense or, after learning of its use for illegalities, done all that reasonably could be expected under the circumstances to end its use. 18 U.S.C. § 983(d)(2)(A). The government contends that Mary did in fact know of the drug trafficking, as shown by the text conversations between Alicia and Mays referring to Mary's knowledge of Alicia's drug dealing. Mary's declaration denying knowledge is sufficient to create a genuine dispute of fact, but that does not preclude summary judgment in this case. Because Mary cannot establish the she was an actual owner of the Honda Civic, she cannot establish the innocent owner defense even if she were innocent. Thus her innocence, though disputed, is not material.

Mary also contends that forfeiture of the Honda Civic would be grossly disproportionate

7

to the gravity of the offense. The Eighth Amendment, which prohibits excessive fines as punishment for offenses, applies to civil forfeiture actions and protects the owners of property that is subject to forfeiture. *United States v. Bajakajian*, 524 U.S. 321, 328 (1998). In weighing the proportionality of forfeiture, the court considers the value of the property to be forfeited, the maximum fines for the offense, and the gravity of the offense. *Id.* at 336-37.

If Mary were an innocent owner of the Honda Civic, forfeiture of her interest in the car would be grossly disproportionate because she committed no offense. But because Mary was not an actual owner of the Honda Civic, forfeiture of the vehicle cannot be an excessive or grossly disproportionate fine *against her*. As for forfeiture of Alicia's interests in the Honda Civic, there is ample case law supporting forfeiture of vehicles used in drug crimes, as explicitly provided for by the statute. 21 U.S.C. § 881(a)(4); *see, e.g., United States v. 1988 Toyota Supra*, 922 F.2d 843 (7th Cir. 1991); *United States v. One 2005 Jeep Cherokee Ltd. VIN: 1J4HR58N05C688491*, No. 12-cv-720, 2013 WL 6440508 (W.D. Wis. Dec. 9, 2013); *United States v. One Pontiac Sunfire, VIN 1G2JB12F147204412*, No. 05-cv-043, 2005 WL 1262063 (W.D. Wis. May 26, 2005).

In sum, Mary is merely a nominee whose name is on the title; she is not an actual owner because she did not use or control the car and she has no financial stake in it. Alicia owned the Honda Civic and used it to sell marijuana, in violation of 21 U.S.C. § 841. Accordingly, forfeiture is ordered.

ORDER

IT IS ORDERED that:

1) Plaintiff United States of America's motion for summary judgment, Dkt. 14, is GRANTED;

2) The defendant property, 2007 Honda Civic EX Sedan, VIN 1HGFA16877L117580, is FORFEITED; and

3) The clerk of the court is directed to enter judgment in favor of plaintiff and close this case.

Entered this 25th day of August, 2014.

>BY THE COURT:
>
>/s/
>JAMES D. PETERSON
>District Judge